Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
(609)h 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com

*Attorneys for Defendants Carco Group, Inc.*
 *and Intellicorp Records, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>CARCO GROUP INC., INTELLICORP RECORDS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | (Electronically Filed)<br><br>CIVIL ACTION<br><br>Civil Action No. _____<br><br>State Docket No.: MRS-L-000270-24<br><br>**NOTICE OF REMOVAL** |

**D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT**

1. The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan.

2.   The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

3.   The remaining addresses for Plaintiffs are unknown to defendants Carco Group, Inc. ("Carco") and Intellicorp Records, Inc. ("Intellicorp") (collectively the "Carco Defendants").

4.   Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of Genova Burns LLC, 494 Broad Street, Newark, NJ 07102, and John A. Yanchunis, Esq., Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

5.   The Carco Defendants are represented by Angelo A. Stio III, Esq. and Melissa Chuderewicz, Esq. of Troutman Pepper Hamilton Sanders LLP, 301 Carnegie Center, Suite 400, Princeton, NJ 08540 and Ronald I. Raether Jr., (*pro hac vice* application to be submitted) of Troutman Pepper Hamilton Sanders LLP, 5 Park Plaza, Suite 1400, Irvine, CA 92614.

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Carco Group, Inc. ("Carco") and Intellicorp Records, Inc. ("Intellicorp") (collectively the "Carco Defendants") by and through their undersigned counsel, Troutman Pepper Hamilton Sanders LLP, and pursuant to 28 U.S.C. § 1441, hereby remove this action from the Superior Court of New Jersey, Morris County, Law Division to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

I.   **BACKGROUND**

1.   On February 9, 2024, plaintiffs Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev and William Sullivan (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively, "the Plaintiffs") filed a complaint ("Complaint") against the Carco Defendants in the Superior Court of New Jersey, Law Division, Morris County (the "Superior Court"). Atlas purports to be the

"assignee" of the claims of 19,460 "Covered Persons" under New Jersey's Daniel's Law, *N.J.S.A.* 47:1A-1, *et seq.*, and *N.J.S.A.* 56:8-166.1.

2.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.  In Count I of the Complaint, Plaintiffs assert claims against the Carco Defendants for violations of *N.J.S.A.* 47:1A-1, *et seq.*, and *N.J.S.A.* 56:8-166.1, based on an alleged failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. *See* Ex. A ¶¶ 52–56.

4.  Plaintiffs allege they are each entitled to recover from the Carco Defendants "actual damages not less than liquidated damages under Daniel's Law, at $1,000 per violation," along with punitive damages; attorneys' fees, interest (pre- and post-judgment), and litigation costs. *See* Ex. A at p. 22 (WHEREFORE clause (B)).

5.  Plaintiffs also each allege they are entitled to "injunctive relief" with respect to the "protected information" of each "Individual Plaintiff" and each unnamed "Covered Person." *Id.* at (E).

6.  The Carco Defendants were served with copies of the Summons and the Complaint on February 27, 2024. Pursuant to 28 U.S.C. § 1446(a), the (1) Summons, (2) Complaint, (3) Case Information Statement, (4) Track Assignment Notice, (5) Document Preservation Letter, (6) First Request for the Production of Documents, and (7) First Set of Interrogatories constitute all pleadings, process, or orders served upon the Carco Defendants in this Action. Copies of these documents are attached as **Exhibit B**.

7.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days of the Carco Defendants' receipt "through service or otherwise, of a

copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

8. This case is removable pursuant to 28 U.S.C. §§ 1332, 1367, and 1441(a) because: (1) this case satisfies the Class Action Fairness Act's ("CAFA") "class action" requirements; (2) in the alternative, this case meets CAFA's "mass action" requirements; and (3) in the alternative, complete diversity of citizenship exists between the real parties in interest and the amount in controversy exceeds $75,000, exclusive of interest and costs, for at least one Plaintiff.

### A. CAFA "CLASS ACTION" JURISDICTION

9. Under 28 U.S.C. § 1332(d), a district court has jurisdiction over a "class action" in which: (1) the amount in controversy exceeds the sum or value of $5 million (the "amount in controversy" requirement); and (2) any member of a class of plaintiffs is a citizen of a state different from any defendant (the "minimal diversity" requirement). *Id.*

#### i. This is a "class action" within the meaning of CAFA

10. 28 U.S.C. § 1332(d)(1)(B) defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.*

11. "CAFA does not require . . . exactitude." *W. Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 453 (E.D. Pa. 2010). Rather, under 28 U.S.C. § 1332(d), a district court has jurisdiction in an action "brought pursuant to any rule sufficiently similar to Rule 23," *or* if there is "any rule that would [] permit" such a suit "to be brought as a class action under [state] law." *Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 160 (3d Cir. 2013). "Failing to affix 'class action' to a pleading" cannot "deprive [the district court] of jurisdiction" under CAFA. *Id.*

12. If courts "interpreted 'any civil action filed under Rule 23' or a state-law analogue to refer only to cases that specifically mention Rule 23 or a state law analogue," then "a plaintiff could avoid federal jurisdiction for a lawsuit that resembles a class action in all respects simply by omitting from the complaint the name of the rule or statute under which she proceeds." *Williams v. Employers Mutual Casualty Company, et al.*, 845 F.3d 891, 901 (8th Cir. 2017). "[A]llowing class-action plaintiffs to avoid federal jurisdiction simply by omitting explicit reference to the class-action rule they intend to proceed under would promote the kind of procedural gaming CAFA was enacted to prevent." *Id.*

13. This case meets all the requirements of a class action in New Jersey, and it *is* a class action in substance.

14. New Jersey Court Rule 4:32 provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

15. Atlas claims that more than 19,000 Covered Persons "assigned" their claims to Atlas and therefore Atlas is purportedly suing in its individual capacity. However, Atlas is acting as the purported representative of a class of more than 19,000 unnamed Covered Persons, rendering this case a "class action" under CAFA. This is evident for two reasons.

16. First, Atlas is seeking injunctive relief and a court order requiring Defendants to "comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed." Ex. A at p. 22 (WHEREFORE clause (E)). Atlas – a corporate entity that would not constitute a "Covered Person" under Daniel's Law – cannot benefit

-6-

from an injunction or court order requiring the Carco Defendants to remove the protected information of third-party individuals. Therefore, Atlas is plainly seeking relief on behalf of its purported "assignors" in a "representative" capacity. N.J. Ct. R. 4:32.

17. Second, removal cannot be defeated based on an "apparent assignment of claims." Wright & Miller, Federal Practice and Procedure, § 3723.1 (Rev. 4th ed.) ("Wright & Miller"). And, Atlas' purported "assignment" is, at most, a representation agreement.

18. Daniel's Law defines an "assignee" as "a person or entity to whom or which an authorized person has assigned, in writing, a covered person's right to bring a civil action *for a violation of*" Daniel's Law. *N.J.S.A.* § 56:8-166.1 (emphasis added). █████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
████████████████████████████
██ ██████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

20. The remaining requirements of New Jersey Court Rule 4:32 are satisfied, as Atlas purports to represent more than 19,000 Covered Persons with purportedly common claims and overlapping facts. *See* N.J. Ct. R. 4:32.

21. Therefore, CAFA's requirement that there exist a state "rule that would . . . permit" this lawsuit "to be brought as a class action under [state] law" is satisfied. *Erie Ins. Exch.*, 722 F.3d at 160.

### ii. CAFA's amount in controversy requirement is satisfied.

22. CAFA requires the amount in controversy to exceed $5 million. 28 U.S.C. § 1332(d).

23. Plaintiffs allege each Individual Plaintiff, and more than 19,000 unnamed Covered Persons, is entitled to actual damages of "not less than" $1,000. *See* Ex. A at p. 22 (WHEREFORE clause). Therefore, the amount in controversy as to the claim for actual/liquidated damages *alone* is more than $19 million, far exceeding the CAFA amount in controversy threshold of $5 million.

### iii. CAFA's minimal diversity requirement is satisfied.

24. Finally, there is minimal diversity between Plaintiffs and the Carco Defendants.

25. Carco is a Delaware corporation with a principal place of business located in the State of New York. *See* Stio Decl. ¶ 7. For the purposes of diversity Carco is a citizen of Delaware and New York.

26. Intellicorp is a Delaware corporation with its principal place of business in the State of New York. *See* Stio Decl. ¶ 8. For the purposes of diversity Intellicorp is a citizen of Delaware and New York.

27. One or more of the Individual Plaintiffs purport to be citizens of New Jersey. *See* Ex. A ¶¶ 15-24. CAFA's class action minimal diversity of citizenship requirement also is satisfied. *See* 28 U.S.C. § 1332(d).

### B. CAFA "MASS ACTION" JURISDICTION

28. Even if the Court determines that the case could not have been brought as a class action under New Jersey Court Rule 4:32 for purposes of CAFA class action jurisdiction, Atlas' claims are removable under CAFA's "mass action" provision.

29. CAFA defines a "mass action" as any civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). A district court has "mass action" jurisdiction under CAFA over any of those 100 or more "plaintiffs whose claims in a mass action satisfy the jurisdictional amount" of $75,000. *Id.*

30. Even if Atlas' purported "assignments" were effective, the claims of more than 19,000 unnamed Covered Persons constitute "claims of 100 or more persons" that are "proposed to be tried jointly." 28 U.S.C. § 1332(d)(11)(B)(i). That is because, to prevail in this case, each of the more than 19,000 unnamed Covered Persons will have to prove at trial: (1) that they are "Covered Persons" under Daniel's Law; (2) the Carco Defendants failed to comply with Daniel's Law; and (3) they were harmed by the Carco Defendants' alleged violations and can therefore recover monetary damages. *N.J.S.A.* § 56:8-166.1. There are, therefore, far more than 100 "claims" to be tried in this action.

31. CAFA mass action jurisdiction also is confirmed by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

32. Additionally, as noted above, this lawsuit seeks injunctive relief for each of the Individual Plaintiffs and more than 19,000 unnamed Covered Persons. That claimed injunctive relief would apply only to individuals and their claimed "protected information" under Daniel's Law, and not to Atlas (a corporation), meaning (again) that there are "claims of 100 or more persons" to be tried in this action.

33. Finally, Atlas claims an entitlement to the proceeds of the more than 19,000 unnamed Covered Persons, with Atlas claiming the right to be paid more than $19 million in "liquidated" damages alone in this case, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, the amount in controversy as to Atlas far exceeds the $75,000 amount in controversy for purposes of CAFA mass action jurisdiction, meaning that Atlas' claims can be removed. For the reasons set forth in Section C below, the claimed value of each unnamed Covered Person's claim also exceeds $75,000, meaning that their claims can also be removed under CAFA mass action jurisdiction.

### C. JURISDICTION UNDER 28 U.S.C. § 1332

34. This Court can also exercise diversity jurisdiction over this case under 28 U.S.C. § 1332(a), whereby a district court shall have original jurisdiction over a civil action when the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *Id.*

35. For purposes of determining diversity, a corporation is deemed to be a citizen of: (1) any state where it is incorporated; and (2) the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). However, "[i]n determining whether there is diversity jurisdiction, a district court must consider the citizenship of defendants who are 'real and substantial parties to the controversy.'" *Walsh v. Defs., Inc.*, 894 F.3d 583, 589 (3d Cir. 2018) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)).

36. Atlas, like the Carco Defendants, is incorporated in Delaware. However, that Delaware incorporation can be disregarded under § 1332(a), as Atlas is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Wright & Miller, § 3641 ("[A] number of federal courts have refused to ignore the possibility that a plaintiff may have engaged in a collusive attempt to manipulate the forum for a particular lawsuit and have retained removed cases on the basis of diversity jurisdiction after they have inquired into the validity of a state law transaction."); *see also Attorneys Trust v. Videotape Computer Products, Incorporated*, 93 F.3d 593, 597 (9th Cir. 1996) (holding that courts are "sensitive to and concerned by manipulations of their jurisdiction with partial assignments which lack reality and amount to no change in the identity of the party with the real interest in the outcome of the case"); *Grassi v. Ciba-Geigy, Limited*, 894 F.2d 181, 185 (5th Cir. 1990) (affirming diversity jurisdiction due to collusive assignment, and holding that courts have "both the authority and responsibility . . . to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal."); *JMTR Enterprises, L.L.C. v. Duchin*, 42 F. Supp. 2d 87, 90 (D. Mass. 1999) ("Under these circumstances, the assignment of this fractional interest should not have the effect of depriving . . . the noncitizen, of the federal

forum which Congress has provided."). Therefore, Atlas is not a real party in interest, and its citizenship can be disregarded. *See id.*

37. Plaintiff Jane Doe-1 alleges in the Complaint that she "is a decorated veteran police officer working in Northern New Jersey." *See* Ex. A ¶ 15. As an active law enforcement officer, Plaintiff Jane Doe-1's primary residence must be in the State of New Jersey, as required by *N.J.S.A.* 52:14-7 and *N.J.S.A.* 40A:14-122.8. Accordingly, Jane Doe-1 is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

38. Plaintiff Jane Doe-2 alleges that she is "a veteran correctional police officer who lives in Northern New Jersey." *See* Ex. A ¶ 16. Pursuant to *N.J.S.A.* 52:14-7 and *N.J.S.A.* 40A:14-122.8, all law enforcement officers must have their principal residence in the State of New Jersey. Jane Doe-2 is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

39. Plaintiff Edwin Maldonado ("Maldonado") was employed as a patrol officer for the City of Plainfield, is currently employed by the Union County Prosecutor's Office. *See* Ex. A ¶17 and Stio Decl. **Ex. 3**. Pursuant to *N.J.S.A.* 52:14-7 and *N.J.S.A.* 40A:14-122.8, all active law enforcement officers must have their principal residence in the State of New Jersey. Plaintiff Maldonado is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

40. Plaintiffs Scott Maloney and Justyna Maloney (the "Maloneys") allege they are "both veteran police officers currently serving with the Rahway, New Jersey Police Department" who "live together in New Jersey." *See* Ex. A ¶ 18. Pursuant to *N.J.S.A.* 52:14-7 and *N.J.S.A.* 40A:14-122.8, all active law enforcement officers must have their principal residence in the State

of New Jersey. The Maloneys are, therefore, citizens of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

41. Plaintiff Patrick Colligan ("Colligan") alleges that he is a thirty-two-year veteran of the Franklin Township, Somerset County, New Jersey police department. *See* Ex. A ¶ 22. Plaintiff Colligan is listed as a Police Detective on the website for the Franklin Township Police Department. A true and correct copy of a screenshot of the Franklin Township Police Department's publicly available webpage listing Defendant Colligan's employment status is attached to the Stio Declaration as **Exhibit 2**. Pursuant to *N.J.S.A.* 52:14-7 and *N.J.S.A.* 40A:14-122.8, all active law enforcement officers must have their principal residence in the State of New Jersey. Plaintiff Colligan is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

42. Plaintiff Peter Andreyev ("Andreyev") alleges that he is a thirty-two-year veteran of the Point Pleasant, New Jersey police department and currently serves as the Executive Vice President of the New Jersey State Policemen's Benevolent Association. *See* Ex. A ¶ 23, and Stio Decl., **Exhibit 4**. Pursuant to *N.J.S.A.* 52:14-7 and *N.J.S.A.* 40A:14-122.8, all active law enforcement officers must have their principal residence in the State of New Jersey. Plaintiff Andreyev is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

43. Plaintiff William Sullivan ("Sullivan") alleges that he is an eighteen-year veteran of the New Jersey Department of Corrections and serves as the President of New Jersey PBA Local 105. Plaintiff Sullivan is listed as a current Department of Corrections Employee in the online Employee Phone Directory for the State of New Jersey. Pursuant to *N.J.S.A.* 52:14-7 and *N.J.S.A.* 40A:14-122.8, all active law enforcement officers must have their principal residence in the State

of New Jersey. Plaintiff Sullivan is therefore a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

44.     Defendants Richard Roes, 1–10, are identified in the Complaint as "fictious names of unknown individuals," and as such, their citizenship may be disregarded for the purposes of removal under binding Third Circuit precedent. 28 U.S.C. § 1441(a); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.").

45.     Defendants ABC Corporations, 1–10, are identified in the Complaint as "fictitious names of unknown entities," and as such, their citizenship may be disregarded for the purposes of removal.  *See Abels*, 770 F.2d at 37.

46.     Carco is a Delaware corporation with its principal place of business in the State of New York.  *See* Stio Decl. ¶ 7.  Carco is, therefore, a citizen of Delaware and New York for purposes of 28 U.S.C. § 1332(a)(1).

47.     Intellicorp is a Delaware corporation with its principal place of business in the State of New York.  *See* Stio Decl. ¶ 8.  Inellicorp is, therefore, a citizen of Delaware and New York for purposes of 28 U.S.C. § 1332(a)(1).

48.     Because Plaintiffs are deemed citizens of New Jersey and the Carco Defendants are deemed citizens Delaware and New York, complete diversity of citizenship exists between the parties in this Action.

49.     Where, as here, a plaintiff does not specify an amount in controversy, a defendant can satisfy its burden to establish the amount in controversy by demonstrating that the allegations in the Complaint indicate that it is more likely than not that the amount exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (where plaintiff

makes no specific monetary demand, defendant need only "plausibl[y] alleg[e]" amount in controversy); *accord Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (stating that amount in controversy is measured by "a reasonable reading of the value of the rights being litigated"). The language in paragraph 26 of the Complaint and in the WHEREFORE clause on page 22 of the Complaint establishes that the amount in controversy in this action exceeds $75,000.

50. In paragraph 26 of the Complaint, Plaintiff Atlas alleges that it asserts claims against the Carco Defendants on behalf of 19,460 individuals who were "covered persons" ("Covered Persons") under Daniel's Law and assigned their claims to Atlas for alleged violations of Daniel's Law. *See* Ex. A ¶ 26.

51. In addition to Atlas, eight Individual Plaintiffs assert claims against the Carco Defendants for alleged violations of Daniel's Law, bringing the total number of claims against the Carco Defendants to 19,468. *See* Ex. A ¶¶ 58, 61.

52. In the WHEREFORE clause on page 22 of the Complaint, Plaintiffs request "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" *See* Ex. A at p. 22 (WHEREFORE clause (B)). Assuming each Covered Person or Individual Plaintiff asserts just one violation, the amount in controversy or actual damages alone would exceed $19,468,000. Accordingly, it is apparent from the face of the Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs.

53. In addition to actual damages, Plaintiffs also are seeking punitive damages. *See* Ex. A at p. 22 (WHEREFORE clause (C)).

54. For purposes of calculating the amount in controversy, punitive damages must be counted if they are available under New Jersey state law. *Venuto v. Atlantis Motor Grp., LLC,* No. 17-3363 (RBK/KMW), 2017 U.S. Dist. LEXIS 169598, at *8 (D.N.J. Oct. 13, 2017); *see also Huber v. Taylor,* 532 F.3d 237, 244 (3d Cir. 2008)("[C]laims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."); *Frederico v. Home Depot,* 507 F.3d 188, 199 (3d Cir. 2007) (noting that punitive damages must be considered when calculating the amount in controversy).

55. Under Daniel's Law, a court may award "punitive damages upon proof of willful or reckless disregard of the law." *N.J.S.A.* 56:8-166.1c(2).

56. Plaintiffs have asked the Court to award such damages for "willful noncompliance" with Daniel's Law, without limitation. *See* Ex. A at p. 22 (WHEREFORE clause (C)).

57. The New Jersey Punitive Damages Act also permits a successful plaintiff to recover up to "five times the liability of th[e] defendant for compensatory damages or $350,000, whichever is greater." *N.J.S.A.* 2A:15-5.14(b). "Thus, even in the absence of recovering compensatory damages, a plaintiff is able to recover up to $350,000 in punitive damages, under New Jersey law." *Ward v. Barnes,* 545 F. Supp. 2d 400, 418–19 (D.N.J. 2008).

58. The Individual Plaintiffs are seeking in excess of $75,000 based on their claimed punitive damages alone. *See, e.g.*, *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 563 (D.N.J. 2009) (citing *N.J.S.A.* 2A:15-5.14(b) to note that New Jersey law allows punitive damages up to

five times the amount of compensatory damages, and noting as such in affirming satisfaction of amount in controversy).

59. The Individual Plaintiffs also are seeking to recover their attorneys' fees. *See* Ex. A at p. 22 (WHEREFORE clause (D)). A claim for recovery of attorney's fees is generally regarded as seeking thirty percent (30%) of the compensatory and/or punitive damages alleged. *See Ciccone v. Progressive Specialty Ins. Co.*, 2020 WL 7319777, at *4 (M.D. Pa. Dec. 11, 2020) (including attorneys' fees in the amount of 30 percent of the total of plaintiff's compensatory and treble damages to find that plaintiff's individual claims met the amount in controversy); *see also Frederico,* 507 F.3d at 199 (*citing In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 303 (3d Cir. 2005) *(*noting the Federal Judicial Center's median figure of 27 to 30 percent fee recovery in class actions).

60. As outlined above, the Complaint plausibly alleges actual damages and punitive damages that far exceed the $75,000 threshold for each Individual Plaintiff. These amounts, however, can also be increased by an additional 30 percent for recovery of attorney's fees, thus further satisfying the claimed amount in controversy.

61. The Carco Defendants reserve the right to object to the damages sought by Plaintiffs, and they dispute that Plaintiffs are entitled to recover any damages. Nevertheless, based on a fair reading of the allegations in the Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs and therefore, satisfies the amount in controversy requirement under 28 U.S.C. § 1332 (a).

### D. ALL OTHER GROUNDS FOR REMOVAL ARE SATISFIED

62. Plaintiffs' Complaint is properly removable to this Court pursuant to 28 U.S.C. § 1441.

63. This case is a civil action within the meaning of 28 U.S.C. § 1441.

64. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The District of New Jersey embraces the Superior Court of New Jersey, Law Division, Morris County, the forum in which the removed action was pending.

65. In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, the Carco Defendants will give written notice of this Notice of Removal to Plaintiffs and the Clerk of the Superior Court of New Jersey, Law Division, Morris County.

WHEREFORE, the Carco Defendants remove this action to the United States District Court for District of New Jersey.

Dated:  March 21, 2024

Respectfully submitted,

*s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
angelo.stio@troutman.com
melissa.chuderwicz@troutman.com

-and-

        Ronald I. Raether, Jr. (*pro hac vice* to be submitted)
        **TROUTMAN PEPPER**
        **HAMILTON SANDERS LLP**
        5 Park Plaza
        Suite 1400
        Irvine, CA 92614
        Telephone: (949)622-2700
        Ron.Raether@troutman.com

        *Attorneys for Defendants Carco Group, Inc.*
        *and Intellicorp Records, Inc.*

## **LOCAL CIVIL RULE 11.2 STATEMENT**

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of the Carco Defendants, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

        /s/ Angelo A. Stio III
        Angelo A. Stio III
        **TROUTMAN PEPPER**
        **HAMILTON SANDERS LLP**
        Suite 400
        301 Carnegie Center
        Princeton, NJ 08540-6227
        (609) 951-4125
        angelo.stio@troutman.com

        *Attorneys for Defendants Carco Group, Inc. and*
        *Intellicorp Records, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, the foregoing was filed electronically. The parties may access this filing through the Court's system. A copy was served via U.S. mail and email on the following:

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

**BOIES SCHILLER FLEXNER LLP**
Mark Mao (*pro hac vice* to be filed)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

/s/ *Angelo A. Stio III*
Angelo A. Stio III