Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ  08540-6227

troutman.com



**Angelo A. Stio III**
D 609.951.4125
angelo.stio@troutman.com

April 4, 2024

**VIA ECF**

The Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
   Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:    **Atlas Data Privacy Corp., et al v. Carco Group, Inc., et al.**
       **Civil Action No. 2:24-cv-4077-CCC-JSA**

Dear Judge Bartle:

This firm represents defendants Carco Group, Inc. and Intellicorp Records, Inc. (the "Carco Defendants") in connection with the above-referenced matter.   We write at this time to bring to the Court's attention an issue which has arisen with respect to efforts to prepare and file a consolidated Motion to Seal pursuant to Local Civil Rule 5.3(c).

By way of background, on March 21, 2024, the Carco Defendants filed portions of its Notice of Removal (ECF No. 1) with redactions.  In addition, the Carco Defendant filed under seal (a) an unredacted version of its Notice of Removal (ECF No. 2); and (b) Exhibit 1 to the Declaration of Angelo A. Stio III (ECF No. 2-1).  The items filed under seal consist of a copy of Atlas' Service Terms and specific references to the content thereof.  For context, these Service Terms are the terms allegedly agreed to by more than 19,000 covered persons and which serve the basis for Atlas' allegation that it is the assignee of these individuals' Daniel's Laws claims asserted in the Complaint.

Prior to removal, Atlas provided the Service Terms to the Carco Defendants in response to a New Jersey Court Rule 4:18-2 request on the condition that the Service Terms would be treated as confidential and used only in connection with this litigation unless and until a Court rules on a Motion for Entry of a Protective Order.  To honor that condition, although Carco does not consider the documents to be confidential, the Carco Defendants filed the Service Terms and any specific reference to the content thereof in their Notice of Removal under seal as ECF Nos. 2 and 2-1.  The Carco Defendants, however, dispute that the Service Terms are confidential.

**The Honorable Harvey Bartle, U.S.D.J.**
April 4, 2024
Page 2



Earlier this week, the Carco Defendants attempted to meet and confer with Plaintiffs' counsel in order to submit a consolidated Motion to Seal as contemplated by Local Civil Rule 5.3(c)(1) and (2)(i).  As part of that effort, we provided Plaintiffs' counsel with template motion papers and requested that Plaintiffs' supply the information necessary to identify the basis for sealing ECF Nos. 2 and 2-1 and to identify a clearly defined and serious injury that would result if the items did not remain sealed.  As of the filing of this letter, we have not received the requested information.

Therefore, we write to the Court to advise that, despite their good faith efforts to meet and confer concerning a Motion to Seal, the Carco Defendants are unable to complete the index required by the Local Civil Rule 5.3(c)(3) or otherwise file a Motion to Seal today.

Thank you for the Court's attention to this matter.  Should Your Honor have any questions or wish to conduct a call to discuss this issue further, please do not hesitate to let us know.

Respectfully submitted,

/s/ Angelo A. Stio, III
Angelo A. Stio, III

cc:    Ronald I. Raether, Jr., Esq.
       Mark Mao, Esq.
       Rajiv Parikh, Esq.
       John Yanchunis, Esq.