Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540



www.troutman.com

Angelo A. Stio III
Partner
D: 609.951.4125
angelo.stio@troutman.com
Admitted in: New Jersey, New York, Pennsylvania

August 26, 2024

**VIA FEDEX**

Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
   Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re:    **DANIEL'S LAW CASES – DISCOVERY DEFICIENCIES**

Dear Judge Bartle:

We write to bring to the Court's attention the ongoing non-compliance of Plaintiff Atlas Data Privacy Corporation ("Atlas") with the Court's June 3, 2024 and July 24, 2024 Orders. Pursuant to Local Civil Rule 37.1(a)(1), we now respectfully request a telephone conference concerning this discovery dispute.

Specifically, Atlas's non-compliance involves two issues related to the Consolidated Remand Motion:

1. Atlas's failure to produce (a) the clickwrap records showing when the Service Terms containing the assignments at issue in the remand motion were accepted by the Assignors, and (b) the vendor agreement for the clickwrap technology showing when this clickwrap technology was employed; and

2. Atlas's failure to produce a privilege log, or an acknowledgement that no documents they were ordered to produce pursuant to the June 3, 2024 Order are being withheld as privileged. (*Carco*, 1:24-cv-4077-HB, ECF No. 42).

As required by Local Civil Rule 37.1(a)(1), the Remand Defendants sought to obtain this information informally by way of letter dated August 12, 2024 and a follow-up email on August 20, 2024, (see Ex. A and B) but have not received any response from Atlas outlining its position.

Troutman Pepper Hamilton Sanders LLP, a Georgia limited liability partnership
Delia C. Donahue, Partner-in-Charge, Princeton Office

Honorable Harvey Bartle III, U.S.D.J.
August 26, 2024
Page 2



### 1. The Clickwrap Records and Vendor Agreement

During the deposition of Atlas's Rule 30(b)(6) representative, Matthew Adkisson testified about clickwrap technology used by Atlas that allegedly memorializes each Covered Person's acceptance of Atlas's Service Terms. Ex. C, Dep. Tr. 99:6-25, 100:1-25, 101-1-16, 120:6-9, 122:22-25, 123:1-9. Mr. Adkisson testified that a "record" exists for each individual assignor in a "log file or similar manner" that is maintained by third-party vendor PactSafe, now known as Ironclad. *Id.* at Dep. Tr. 99:19-101:4. Mr. Adkisson also testified that Atlas has a contract with the third-party vendor. *Id.* at 123:6-9. Mr. Adkisson further testified that he believes Atlas has a right to these records (*id.* at dep. tr. 100:1-23, 223:18-25), yet no records have been produced.

It is the Remand Defendants' position that the production of the clickwrap records showing the alleged manifestation of assent to the Service Terms and the vendor agreement showing when the technology was deployed, should have been produced under paragraphs 1(a) and 1(b) of the Court's June 3, 2024 Order.[1] That information goes directly to the validity of the assignments in question, as it bears on whether Covered Persons assented to the Service Terms and any modifications thereto. If there are no valid assignments, Atlas's position in the Consolidated Remand Motion that it is a real party in interest because it possesses absolute and complete assignments is eliminated. Under New Jersey law, if there is not a manifestation of assent to the Service Terms by the assignors, then the terms would not be an enforceable contract. *See Wollen v. Gulf Stream Restoration & Cleaning, LLC*, 468 N.J. Super. 483, 502 (App. Div. 2021) (finding a hyperlink unenforceable because it was "vague, ambiguous and misleading" and there was no indication from the wording that the user was required to affirmatively assent, read, or acknowledge the terms and conditions). Likewise, the vendor agreement between Ironclad and Atlas is relevant because it will show when any technology was first deployed, and what versions, if any, of the Service Terms were assented to by the assignors.

---

[1] Plaintiffs, on or before June 24, 2024, shall produce the following non-privileged documents to Defendants in the above actions:
    (a) All versions of the Atlas Daniel's Law Service Terms that were provided to the assignors from January 1, 2023 through the date of the last filed complaint and that include the provisions for all non-disclosure requests at issue in these actions and the assignment provision for all assignments at issue in the pending motions to remand.
    (b) Agreements referenced in the above Atlas Daniel's Law Service Terms that apply to the assignors, including:
        i. All versions of the Atlas Privacy Policy that were provided to assignors from January 1, 2023 through the date of the last filed complaint; and
        ii. All versions of the Atlas Service Terms that were provided to the assignors from January 1, 2023 through the date of the last filed complaint.

June 3, 2024 Court Order, ECF No. 36.

Honorable Harvey Bartle III, U.S.D.J.
August 26, 2024
Page 3



2. **The Privilege Log or Acknowledgement that no documents were withheld.**

The Remand Defendants also believe they are entitled to either a privilege log or a written acknowledgement that no privileged documents were withheld from the production of subject matter jurisdictional discovery.[2] Under the Court's June 20, 2024 Order, the privilege log was to be produced by July 31, 2024. ECF No. 42. When a privilege log was not produced by July 31, we sent a letter to Atlas regarding this issue and follow up with email. To date, neither a log nor written acknowledgement has been received.

***

We thank the Court for its consideration of this request for a telephonic conference. If the Court wishes to proceed in a different fashion, we will comply with any direction of the Court.

Respectfully,

Angelo A. Stio III

cc: Rajiv Parikh, Esq.
Adam Shaw, Esq.
John Yanchunis, Esq.
Ryan McGee, Esq.
Mark C. Mao, Esq.
James Lee, Esq.

---

[2] During Mr. Adkisson's deposition, the witness frequently invoked privilege when asked questions that were within the scope of the June 3, 2024 order, thus it would be surprising to now learn that Atlas did not withhold at least some privileged information from its production. *See, e.g.,* Ex. C, Dep. Tr. 58:23-59:7, 93:21-94:3, 95:21-96:12, 108:3-22, 110:5-21, 111:22-112:1, 135:13-24, 137:9-17, 226:21-227:3, 238:16-20, 287:25-289:5.